UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY S FEHRIBACH Trustee for the Bankruptcy Estate of BRIYIN BUTGEREIT, | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) No. 1:15-cv-00055-SEB-TAB<br>)<br>) |
| FEDEX CORPORATE SERVICES, INC, | )<br>) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff Gregory S. Fehribach, Trustee for the Bankruptcy Estate of Briyin Butgereit, has filed a motion to enforce settlement agreement. [Filing No. 52.] The existence of a signed settlement agreement is not in dispute. The only issue presented by this motion is whether a part of the agreed settlement amount is subject to employment tax withholdings. The Magistrate Judge finds it is not. For the reasons explained below, Plaintiff's motion should be granted.

On April 23, 2016, the parties agreed to settle this case. The signed settlement agreement states, in its entirety: "Subject to Bankruptcy court approval, the parties agree to settle Cause No. 1:15-cv-0055-SEB-TAB for payment of $30,000 to Gregory S. Fehribach, trustee for the Bankruptcy Estate of Briyin Butgereit." [Filing No. 52-1.] The bankruptcy court subsequently approved the settlement. [Filing No. 52-2.] However, Defendant FedEx has yet to make the settlement payment. As a result, Fehribach asks this Court to enforce the settlement agreement.

In explaining its failure to pay the settlement proceeds, FedEx asserts that Butgereit's complaint makes a claim for wages. FedEx maintains that during settlement negotiations it accordingly allocated 20% of the settlement amount for wages. As a result, FedEx argues that

20% of the $30,000 settlement amount, or $6,000, should be subject to employment tax. [Filing No. 53, at ECF p. 3.] Fehribach contends this was not part of the agreement and that FedEx must pay the full $30,000 to Fehribach in one check.

"A settlement agreement is enforceable if there was a meeting of the minds or mutual assent to all material terms." *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016). Material terms are "sufficiently definite and certain" when a court is able to ascertain "what the parties agreed to do." *Id*.

The settlement agreement sufficiently defines the parties' intention that the settlement proceeds are to be paid in one check, without wage allocation. The material terms in the agreement clearly provide that Fehribach agreed to settle this case—voluntarily dismiss the claims between Butgereit and FedEx—in exchange for FedEx's payment of $30,000 to Fehribach. The material terms also provide that the bankruptcy court must approve the settlement. Both parties and their respective attorneys signed the agreement, demonstrating their intent to be bound by these terms. There are no terms in this agreement that suggest the parties mutually agreed to allocate a portion of the payment as wages. The only definite and certain material terms are payment of $30,000 in exchange for settlement of the case, upon the bankruptcy court's approval. Thus, these are the enforceable terms of the settlement agreement.

It appears that FedEx unilaterally allocated 20% of the settlement payment to wages. The settlement agreement does not specify a wage allocation and the parties recall the discussion about it differently. Fehribach recalls that FedEx agreed to pay the entire settlement amount in "one check, not paid as wages and with no taxes withheld." [Filing No. 52, at ECF p. 2.] FedEx disagrees, recalling that a concurrence on the allocation of the settlement payment to wages was never reached by the parties. [Filing No. 53, at ECF p. 2.] The undersigned conducted the

settlement conference that resulted in the settlement agreement, and Fehribach made it crystal clear that he would not settle the case by apportioning a percentage of the proceeds as taxable wages. The parties did not mutually agree to allocate any part of the payment as wages. Therefore, doing so is unenforceable by the settlement agreement.

FedEx overcomplicates the issue by looking to the Bankruptcy Code for guidance. FedEx points to § 1115 of the Bankruptcy Code as support for its desire to allocate a portion of the payment as wages. However, Butgereit filed for Chapter 7 liquidation and § 1115 only applies to a Chapter 11 reorganization. As Fehribach points out, this case is a part of Butgereit's Chapter 7 bankruptcy estate and no part of the settlement payment will go to her or any other FedEx employee. If a portion of the settlement proceeds are reported as wages, Fehribach, who has never worked for FedEx, would presumably receive a W-2 or 1099 for that amount. This is unnecessary, unworkable, and nonsensical. FedEx agreed to pay $30,000 in exchange for Fehribach's dismissal of the case. The Bankruptcy Code does not dictate that any part of this payment should be reported as wages.

Defendant's refusal to pay the full settlement amount of $30,000 to Fehribach breaches the enforceable terms of the settlement agreement. Accordingly, Fehribach's motion [Filing No. 52] should be granted. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 9/12/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

Carl K. Morrison
FEDERAL EXPRESS CORPORATION
carl.morrison@fedex.com

Elizabeth Low
FEDERAL EXPRESS CORPORATION
elizabeth.low@fedex.com

M. Kimberly Hodges
FEDEX LEGAL DEPARTMENT
kim.hodges@fedex.com

Craig M. Williams
FOX WILLIAMS & SINK LLC
cwilliams@fwslegal.com

Ryan C. Fox
FOX WILLIAMS & SINK LLC
rfox@fwslegal.com

Pamela A. Paige
PLUNKETT COONEY, PC (Indianapolis)
ppaige@plunkettcooney.com